UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

SEAN THOMAS,

                          Plaintiff,                          CASE NO.  09 CV 3162
                                                              (CM)(HBP)

             -against-

THE CITY OF NEW YORK, SERGEANT STEPHEN
KELLY, shield #2057, POLICE OFFICER BRIAN SHEA,
shield #13360, POLICE OFFICER MICHAEL MORENO,
shield #5339, POLICE OFFICER LENNOX CORLETTE,
shield #2845, POLICE OFFICER OSCAR PEREZ,
shield #7650, POLICE OFFICER MICHAEL MCAULLIFE
shield #1676, POLICE OFFICER THOMAS DEKOKER,
shield #15364, POLICE OFFICER ANGELA
POLANCOBRITO shield #4956, SERGEANT SASHA
ROSEN shield #5061, POLICE OFFICERS JANE/JOHN
DOE,

                          Defendants,
_____X


**<u>MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION IN LIMINE</u>**

## PRELIMINARY STATEMENT

This memorandum of law is submitted in opposition to defendants' motion *in limine* for an order precluding certain exhibits, testimony, and references. For the following reasons, defendants' arguments should be denied in their entirety.

## ARGUMENT

### I. PLAINTIFF SHOULD BE PERMITTED TO REFER TO DEFENSE COUNSEL AS CITY ATTORNEYS AND CAN SUGGEST THAT THE CITY MAY INDEMNIFY OFFICERS

The City of New York is a party to the instant proceeding with regard to plaintiff's state law claims. Based on the doctrine of *respondeat superior*, the City of New York may be found liable for all torts committed by its employees, defendant officers. Defendants have claimed that they were acting within the scope of their employment during plaintiff's arrest. If plaintiff succeeds on his state law claims, the City may be held liable. *See Phelps v. City of New York*, 2006 U.S. Dist. LEXIS 42926 (S.D.N.Y. June 27, 2006). Plaintiffs have adequately pled this theory of liability, and the City of New York remains a defendant on this case. *Cunningham v. New York City*, 2008 U.S. Dist. LEXIS 35972 (S.D.N.Y. May 1, 2008). Since the City of New York is, in fact, a named defendant and defense counsel is a City attorney, it would be illogical to bar any reference to such a basic fact.

Additionally, plaintiff should be permitted to state that the City might indemnify the defendant officers with respect to punitive damages. In *Gyasi v. City of New York, et. al.,* Index No: 05 CV 9453 (S.D.N.Y. 2006), Judge Shira Sheindlin ruled that on the issue of punitive damages in a 42 U.S.C. §1983 case, it is highly relevant whether the City normally indemnifies defendant officers. She further went on to say that she would "allow that discovery if and when

[punitive damages] is an issue." Tr. Transcript of *Gyasi v. City of New York, et. al.*, at pg. 7. Therefore, Plaintiff should be able to refer to defense counsel as City attorneys and can inform the jury that the officers may not be responsible for punitive damages; rather their employer may indemnify them.

## II. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF DEFENDANT OFFICERS' CCRB AND IAB DISCIPLINARY HISTORIES PURSUANT TO FRE 404(b) AND 608(b)

Defendants claim that the defendant officers' CCRB and IAB disciplinary histories should be precluded. Since the CCRB and IAB disciplinary histories establish a pattern of conduct by the defendants and are relevant to establish motive for this conduct, they qualify under FRE 404(b) for admission. They also qualify under 608(b) as impeachment material since the CCRB allegations may be used to attack the truthfulness of the defendants' testimony, and as such, weigh on their credibility.

Discovery in this case has revealed CCRB records of prior similar conduct by defendants to that which is alleged in this case. "Evidence of complaints against police officers may be admissible under FRE 404(b) where the offering party demonstrates that the complaints share unusual characteristics with the conduct at issue so as to represent a unique scheme." *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 349 (S.D.N.Y. 2011); *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1990).

The CCRB reports naming defendants also evince motive in the instant action. Since the officers knew they might face disciplinary charges for an illegal search and arrest, they were motivated to proceed on false charges in order to insulate themselves. "Federal Rule 404(b) specifically provides for the admission of evidence of other wrongs or acts, either prior to or subsequent to the incident in question, which are relevant to an actual issue in the case." *Ismail v.*

*Cohen*, 706 F. Supp. 243, 252 (S.D.N.Y. 1989). See e.g., *United States v. Hurley*, 755 F.2d 788, 790 (11th Cir. 1985); *United States v. Riley,* 657 F.2d 1377, 1388 (8th Cir. 1981). Evidence of similar acts is admissible for "proof of motive, opportunity, intent, preparation, plan [or] knowledge." Fed. R. Evid. 404(b).  As such, the CCRB reports revealing a pattern of conduct by defendants is admissible as proof of both motive and intent.

Rule 404(b) requires a two-part analysis. First, the court must consider whether the evidence fits within the exceptions listed in the rule. Second, the court must balance the probative value of the evidence against the likelihood of undue prejudice, equivalent to the analysis under Rule 403. *Fiacco v. City of Rensselaer, N.Y.*, 783 F.2d 319, 327-28 (2d Cir. 1986), cert. denied, 480 U.S. 922 (1987); *United States v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981), cert. denied, 461 U.S. 913 (1983). "The Second Circuit has long been committed to the "inclusionary" approach to the admissibility under Fed. R. Evid. 404(b) of similar act evidence." *Ismail v. Cohen*, 706 F. Supp. 243, 252 (S.D.N.Y. 1989). See also, e.g., *United States v. Benedetto*, 571 F.2d 1246, 1248 (2d Cir. 1978) (citing McCormick, Evidence § 109, at 447 (2d ed. 1972)).

In *Ismail*, the Plaintiff was permitted to introduce CCRB records of a defendant officer who had a pattern of applying handcuffs too tight, falsely claiming injury from the citizen to cover up his own inappropriate use of physical force, and filing false charges for the same purpose. These actions "represent[ed] a relevant pattern in which Plaintiff intends to show that Officer Cohen has a pattern of lashing out physically when he feels his authority is challenged by a citizen with whom he is dealing with on the street." *Ismail*, 706 F. Supp. at 253.

While the CCRB allegations were unsubstantiated[1], no preliminary finding that the

---

[1] "Unsubstantiated" in the context of a CCRB complaint does not mean that the allegations were determined to be unfounded, but rather that the "weight of the available evidence is insufficient to substantiate, exonerate or unfound

defendant committed the other act is required. *Ismail* 706 F. Supp. at 252; *Huddleston v. United States*, 485 U.S. 681 (1988). "No criminal conviction, civil judgment, administrative finding, or even preliminary judicial finding is necessary before specific acts of other misconduct may be introduced as extrinsic evidence under Rule 404(b) to prove wrongful intent, motive, or pattern of relevant conduct, or an "aggravated state of mind." *Ismail*, 706 F. Supp. at 252-253. *See also Huddleston v. United States*, 485 U.S. 681, *O'Neill v. Krzeminski*, 839 F.2d 9, 11 n. 1 (2d Cir. 1988).

In *Vikhu v. City of New York*, the court allowed a previous "unsubstantiated" CCRB record of an incident involving a defendant officer because a question arose as to the identity of the officers who arrested Plaintiff. The pattern of behavior in the CCRB complaint was so similar to the incident alleged in *Vikhu* that the pattern evidence was probative to identify the defendant officers. The court further reasoned that the probative value of the testimony outweighed the prejudicial effect. See *Vilkhu v. City of New York*, 2009 U.S. Dist. LEXIS 16616 (E.D.N.Y. Mar. 2, 2009) (affirmed and reversed on other grounds by *Vilkhu v. City of New York*, 372 Fed. Appx. 222 (2d Cir. N.Y. 2010)).

Additionally, the CCRB reports should be permitted at trial as impeachment material. These allegations of misconduct against defendants go to the very heart of credibility of the defendants as witnesses and should therefore be admissible for impeachment purposes. See *Rosales v. Kelly*, 2011 U.S. Dist. LEXIS 135083 (S.D.N.Y. Nov. 14, 2011) (Disciplinary history of non-party witness permitted as impeachment material because incident related to witness'

---

the allegation" and is not a finding on the merits.   *See* CCRB, *The Investigative Process*, *available at* http://www.nyc.gov/html/ccrb/html/how.html; *see also Vann v. City of New York*, 72 F.3d 1040, 1045 (2d Cir.1995) (describing testimony of expert witness explaining that "unsubstantiated" cases usually involve situations where there is "no neutral witness who could verify the version of either the officer or the civilian, and it was the word of the police officer against that of the civilian(s).").

"character for untruthfulness"). These inconsistent statements are all evidence of the witness' character for untruthfulness. *Rosales v. Kelly*, 2011 U.S. Dist. LEXIS 135083 (S.D.N.Y. Nov. 14, 2011)

At the very least, the Court should conduct an *in camera* inspection of the prior CCRB records to determine their relevancy at trial. In *Williams v. City of New York*, the court ruled that no evaluation of the probative value of prior disciplinary records could be made in the absence of a review of such records. Defendants were ordered to produce any and all internal New York City Police Department disciplinary records, including IAB records and CCRB complaints for inspection before a ruling was made. See *Williams*, 2007 U.S. Dist. LEXIS 79151 at 20. For the foregoing reasons, plaintiff should be permitted to introduce at trial past CCRB investigations of defendant officers following, if necessary, an *in camera* inspection by the court of the CCRB records.

### III. PLAINTIFF SHOULD BE PERMITTED TO REFER TO CCRB INVESTIGATION OF WITHIN INCIDENT PURSUANT TO FRE 803(b)

It is well settled that public records of the within incident are admissible pursuant to Rule 803(b). *See Williams v. McCarthy*, 2007 U.S. Dist. LEXIS 79151, 14-15 (S.D.N.Y. Oct. 25, 2007). In *Williams*, plaintiff was permitted to introduce into evidence the CCRB report of the within incident. The court noted that:

> "Public records and reports, however, are not excluded as hearsay. Rule 803(8) provides that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... factual findings resulting from an investigation made pursuant to authority granted by law" are admissible [*15] in civil proceedings "unless the sources of information or other circumstances indicate lack of trustworthiness." 28 Accordingly, plaintiff will be permitted to testify with regard to his dealings with the CCRB. Moreover, plaintiff may call a witness from the CCRB to authenticate that agency's investigation into plaintiff's claims and its findings with regard thereto."

*Williams*, 2007 U.S. Dist. LEXIS 79151 at 14-15.

Based upon the foregoing, plaintiff should be permitted to introduce into evidence the CCRB investigation of the within incident.

## IV. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PRIOR LAWSUITS AGAINST DEFENDANTS PURSUANT TO 404(b)

As stated in Point III, above, plaintiff should be permitted to introduce evidence of a pattern of similar conduct by defendants. This logically includes prior lawsuits, as well as, CCRB records. In *Jean-Laurent v. Hennessy*, 2011 U.S. Dist. LEXIS 122767, 64 (E.D.N.Y. Oct. 24, 2011), the court reserved judgment on a motion *in limine* by defendants seeking to preclude past lawsuits because defendants "provided no information about the prior lawsuits upon which the court may base its judgment." *Id.* The court further noted that the "probative value of evidence of the prior lawsuits brought against … defendant[s] depends on the nature and the substance of such actions." *Id.* Here, as in the CCRB complaints above, the previous lawsuits filed against defendants are probative because they demonstrate a pattern of similar conduct and because the prior lawsuits allege acts which defendants subsequently denied, as they do here. Therefore, the prior lawsuits are relevant to the defendants' credibility.

## V. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PRIOR SETTLEMENT AGREEMENTS AND STIPULATIONS OF DISCONTINUANCE

The settlement agreements and stipulations of discontinuance of defendants' prior lawsuits are as relevant as the lawsuits themselves. Defendants cite no cases in support of their contention that the settlement agreements are not admissible at trial. Defendants instead cite Federal Rule 408 that prohibits the use of statements made in compromise negotiations "to prove

or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement." Fed. R. Evid. 408(a). That rule does not apply to this case. Plaintiff seeks to introduce a settlement agreement, not statements made during settlement negotiations. The purpose of the rule, to encourage free settlement negotiations, is not being infringed upon here. These records are relevant as to the disposition of each lawsuit and should therefore be permitted at trial.

The fact that the defendants have had to defend themselves from similar claims in the past and, at times, settled those claims is relevant evidence.  It is certainly admissible if the defendants deny the allegations in this matter and denied similar allegations in a separate matter. See, *Bruce v. City of Chicago,* 2011 US Dist Lexis 83421 at 20, (N.D.ILL, 2011).

## VI. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PLAINTIFF'S OCCUPATION

Defendants also seek to preclude evidence in support of plaintiff's occupation, ie. the certifications he possessed at the time of the subject incident and his resume. Plaintiff's certifications, even if expired, are relevant as to plaintiff's occupation at the time of the subject incident and are being relied upon by his vocational expert to support his opinion as to plaintiff's employability and loss of earning claim. The jury should be able to decide what weight to give the certifications. Plaintiff is capable of authenticating the certificates and occupational documents that he possesses. However, to the extent that plaintiff cannot authenticate the occupational documents, they should be admitted under the business records exemption.

## VII.   PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE OFFICER MEMO BOOK ENTRIES

Defendants claim that the memo book entries of police officers are inadmissible hearsay. However, the police officer memo books are a business record and should be permitted under

that exception. In *Murphy v. Metro Transportation Authority*, 2009 U.S. Dist. LEXIS 37085 (S.D.N.Y. Apr. 14, 2009), the court denied defendants motion *in limine* to exclude defendant officers' memo books. The court ruled that the content of the page was relevant to the case and "its probative value is not substantially outweighed by any danger that it will unfairly prejudice defendant or confuse or mislead the jury; and it has not been shown to be inadmissible under Fed. R. Evid. 404(b)." *Murphy v. Metro. Transp. Auth.*, 2009 U.S. Dist. LEXIS 37085 (S.D.N.Y. Apr. 14, 2009). In *Nibbs v. Goulart*, the court granted defendant's motion to preclude non-party police officers' memo books because they were irrelevant and confusing. *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 350 (S.D.N.Y. 2011). The court does not even address defendant officer memo books, likely because those memo books were admissible. See also *Cunningham v. New York City*, 2008 U.S. Dist. LEXIS 35972 (S.D.N.Y. May 1, 2008) (court apparently admitted memo books of party defendants). In this case, all memo books were authored by named defendants and are, therefore, highly probative and are admissible under 801(d)(2).

Defendants admit in their motion that the memo books are relevant, but assert that the relevance is "minimal," and instead claim that the memo book entries are bolstering. *Defts Motion* at 13. However, contemporaneous records of the incident made by the officers are extremely relevant to this case. Defendants fail to cite any discernible prejudice from these business records that were created by the defendants.

## VIII. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE HOSPITAL RECORDS, AMBULANCE CALL REPORT, EMERGENCY SERVICES REPORT, SPRINT REPORT, AND PHOTOGRAPHS

Defendants seek to preclude introduction of plaintiff's hospital records, ambulance call report, emergency service reports, sprint reports and photographs of the incident. For the following reasons, all of these documents are probative and should be admitted at trial.

9

All of the above documents and items were created contemporaneous with the incident. With the exception of the photographs of the incident that were taken by a witness, all of the above items are business records created in the ordinary course of business. Each of these documents was created long before any litigation was commenced or even contemplated. The objective nature of these documents is transparent.

Defense counsel complains that some of the hospital records are indecipherable or written by persons unknown.  However, hospital records are often not an example of clarity and this does not make them prejudicial to any party.  Also, it is highly likely that the medical witnesses called at this trial will have little trouble deciphering these documents.

As to the photographs, defense counsel complains that they lack foundation.  However, as argued above, a disinterested witness took these photographs on the date of the incident.  Mr. Adam Roberts completed an affidavit regarding the pictures he took.  This affidavit was exchanged with defense counsel early in this litigation.  I have been informed that Mr. Roberts has since moved out of the state and will not attend the trial.

The photographs taken in this case are highly probative of the incident.  At their depositions, the officers were asked questions regarding the photographs and were able to identify themselves therein and/or admitted that the photographs were a fair and accurate representation of the incident.  In addition, plaintiff Sean Thomas, as well as numerous non-party witnesses, will be available to authenticate the photographs at trial.  There is no genuine dispute that the photographs were taken at the scene of the incident between Sean Thomas and the defendant officers.  Therefore, since the photographs are not prejudicial to any party and are highly probative of the incident, they should be admitted.  See, *Cunningham v. City of New York,* 2008 U.S. Dist. LEXIS 35972 (S.D.N.Y., 2008) (Photos of plaintiff admissible provided a

witness could authenticate); *Kleinman v. O'Neill,* 2010 U.S. Dist. LEXIS 81026 (E.D.N.Y., 2010) ("Defendant's bald assertion that the photographs lack foundation and authentication is without support, and the Court will afford plaintiff the opportunity to lay a foundation for, and authenticate, the photographs in question."); *Spencer v. City of New York,* 2011 U.S. Dist. LEXIS 81347 (S.D.N.Y., 2011) ("Defendants are free to cross-examine the Plaintiff at trial regarding the photographs to ascertain their authenticity and their origins.")

## IX. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE INTO EVIDENCE TAX RECORDS AND PAYCHECK RECORDS

Plaintiff's tax records are relevant to his loss of earnings claim. The tax records are offered to corroborate the veracity of plaintiff's testimony by demonstrating what earnings plaintiff reported to the government. The plaintiff will be able to testify as to what he earned during the years in question. Therefore, the records are not hearsay. Lastly, these records were created long before litigation was contemplated and exchanged with defendants during discovery.

## X. PLAINTIFF SHOULD BE PERMITTED TO INTRODUCE INTO EVIDENCE PLAINTIFF'S EXPERT REPORT

Defendants object to Dr. Goldstein's expert report. Dr. Goldstein's export report is essentially an examination report of the plaintiff. Dr. Goldstein examined the plaintiff and made findings regarding his examination. Expert testimony, in addition to expert reports, has been found admissible in civil rights cases. *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 379 (S.D.N.Y., 2005), *Sleepy's, LLC v. Select Comfort Wholesale Corp.*, 2012 U.S. Dist. LEXIS 16466 (S.D.N.Y., 2012); *Seridge v. Bay State LLC*, 2012 U.S. Dist. LEXIS 4038 (E.D.N.Y., 2012) (Expert reports of an adversary may be admissible as business records, and they are deemed trustworthy because they may be expected to be adverse to movant's interest.)

Therefore, it is common practice in this jurisdiction to admit both expert testimony and reports, as the reports are business records.

## XI. DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF ARREST AND CONVICTION HISTORY

Plaintiff Sean Thomas has one arrest within the last ten years.  It is well settled that any criminal history that goes beyond ten years is not admissible. *See Edwards v. City of New York*, 2011 U.S. Dist. LEXIS 75300 (E.D.N.Y. July 13, 2011) (criminal history that goes beyond the last 10 years is not admissible because its prejudicial effect outweighs the probative value), *Jean-Laurent v. Hennessy*, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) (in limine preclusion of plaintiff's criminal history that goes beyond 10 years). As to that one arrest, it is prejudicial. It is a sealed arrest.  Defendants seek to argue that because of this prior arrest, plaintiff is not a stranger to police or jails, and therefore, the instant arrest would not have disturbed him.  This is an illogical and impermissible argument for which there is no evidentiary basis.  To think that a jury would conclude that because plaintiff had been arrested previously, the actions of the defendants herein during this arrest would not have disturbed the plaintiff is mere speculation. The admissibility of this one sealed arrest is not probative of anything, yet it is highly prejudicial.  Plaintiff was not arrested for numerous years prior to the instant arrest and, therefore, one prior sealed arrest's probative value is outweighed by the prejudicial effect.

Defendants further argue that plaintiff's credibility is critical in this case because the facts are disputed. The credibility of all witnesses, both party and non-party, is always important. However, what defendants fail to remind the court is that there are numerous non-party witnesses who were present at the time of the incident.  They will be testifying and the jury will have an opportunity to hear how each of their accounts differs from that of the police account.  The point is, the real reason defendants want to introduce evidence of plaintiff's prior arrests is that they

wish to convey to the jury that plaintiff is a criminal, has a criminal history and is, therefore, not worthy of their time or a substantial award of taxpayer dollars.  This argument is clearly unduly prejudicial, since it is too remote in time and not relevant to the events in 2009, as evinced by the holding of the court in *Edwards*.

## XII. DEFENDANTS SHOULD NOT BE PERMITTED TO ALLUDE TO CRIMINAL HISTORY WHEN INTRODUCING ALIASES

Defendants seek to introduce evidence that plaintiff used aliases in connection with earlier arrests. Should the defendants seek to elicit testimony that plaintiff has used aliases in the past, such alias material should be limited so that defendants do not also "elicit the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of these aliases." Jean-Laurent v. Hennessy, 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y. Oct. 24, 2011) (quoting Young v. Calhoun, 1995 U.S. Dist. LEXIS 4555 at *5 (S.D.N.Y. Apr. 10, 1995)). *See also* Fletcher v. City of N.Y., 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999). As previously stated, evidence of a prior criminal history which is too remote in time is impermissible.  As such, defendants should not be permitted to backdoor in this evidence by bringing up plaintiff's use of aliases.

## XIII. DEFENDANTS SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE OF THE 911 CALL AND RECORDED INTERVIEWS WITH IAB AND CCRB

Defendants seek to introduce plaintiff's and witnesses' statements to the civilian complaint review board and internal affairs regarding the within incident. In addition, defendant seeks to introduce a witness' 911 call. For the following reasons, the Court should exclude these items from evidence. It is worth noting that plaintiff participated in the City's internal investigation process at the request of City personnel who were investigating the complaint against the officers involved. Plaintiff and others provided statements to the CCRB and Internal Affairs in an effort to assist them in investigating the officers. To now allow the City to use those statements to impeach the plaintiff and witnesses to the incident would raise important public policy considerations and could serve to chill an individual's interest in assisting the City of New York in their efforts to investigate public servants. See, *Shoppin' Bag of Pueblo, Inc. v. Dillon Cos.*, 783 F.2d 159, 165 (10th Cir. 1986). Plaintiff's statements to the CCRB did not differ in any material manner from his deposition testimony and is therefore not relevant. At deposition, plaintiff admitted to drinking two drinks at a bar prior to the incident. In his CCRB statement, plaintiff was not asked how much he drank prior to the incident nor is there any reference to it. In addition, defense counsel refers to statements about "shooting" or "killing," however, these statements are intentionally taken out of context to distort the nature of the interaction between the police and civilians. Plaintiff made *sarcastic* statements to police at the scene, which defendants knew were sarcastic and retaliated against him for it. There was never a concern for his welfare as evidenced by the officers keeping the plaintiff head down the in street, in the snow until the ambulance arrived. Again, his statements to the CCRB and his depositions statements are not at odds. In response to police statements to plaintiff such as "We're going to f…. your bitch tonight" and "You suck Obama's c…?" Thomas asked sarcastically, "Are you going to kill me out here tonight?" or words to that effect. The CCRB statements and deposition testimony

do not differ in any material respect and therefore should be excluded.

In addition to the statements not being contradictory to subsequent testimony, the statements to CCRB were not made contemporaneous with the incident, were not subject to cross examination and there was a motive on behalf of the declarant, Sean Thomas to paint the defendant officers in as poor a light as possible.  Under these circumstances, Courts have refused to admit such evidence.  See, *Borger-Greco v. AMTRAK*, 2005 U.S. Dist. LEXIS 10658 (E.D.P.A., 2005).

## **CONCLUSION**

Pursuant to the above stated grounds, it is respectfully requested that the Defendants' Motion in Limine be denied.

Dated: Brooklyn, New York
        June 13, 2012

LAW OFFICE OF DAVID A. ZELMAN

/S
_____
David A. Zelman, Esq.
**Attorney for Plaintiff Sean Thomas**
612 Eastern Parkway
Brooklyn, NY  11225
(718) 604-3072

Cc: Raju Sunduran, Esq. via ECF