**Law Office of David A. Zelman, Esq.**
**612 Eastern Parkway**
**Brooklyn, NY 11225**
**Tel: (718) 604-3072**
**Fax: (718) 604- 3074**

July 4, 2012

Via Email: ALCarterNYSDChambers@nysd.uscourts.gov
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New, York, NY 10007

Re: Sean Thomas v. City of New York
Civil Case  #: 09 CV 03162

Honorable Andrew L. Carter, Jr.:

  This office represents the plaintiff in the above captioned matter.

  Please accept this letter in support of plaintiff's adverse inference/missing document charge with the following proposed text for this charge:

  In this case, there has been evidence that an Aided Card was created by defendant Dekoker in response to the December 20, 2008 incident.  An Aided card is a police created document which is typically used when an incident occurs within the City of New York which records a description of the incident and the police response to it.  Because the defendants did not produce this document you may infer, but are not required to, that the content of the Aided Card would be inconsistent with the defenses offered by the defendants to the plaintiff's claims in this action.

Sources:

  The adverse inference charge was as follows: During the course of the trial you heard testimony of a police officer's file of a Detective Jennings which the people have been unable to produce in court as an exhibit because it is missing. As a result of the missing file, you may infer that the file contained information adverse to the People's case.

  *Alexander v. Ercole*, 2008 U.S. Dist. LEXIS 10396 (E.D.N.Y. Feb. 11, 2008)

  The jury should be instructed, in substance, as follows: "The Better Homes defendants have admitted that they failed to produce or intentionally destroyed documents concerning the sale and repair of the 167 properties, which they were obligated to retain and provide in this litigation. You may presume that the documents destroyed or not produced would

have been important to the Millers in proving whether promised repairs had been made at all and the extent of the repairs. You may infer from these circumstances and the evidence presented that the Better Homes defendants made no or minimal repairs to some or all of the 167 properties before they were sold by Better Homes. You may make these inferences against Better Homes and Fessler notwithstanding any other evidence that another party may produce regarding repairs."

*M&T Mortg. Corp. v. Miller*, 2007 U.S. Dist. LEXIS 60610 at 40.

Thank you for your consideration.

                                                           Very Truly Yours:

                                                           /S

                                                           _____
                                                           David Zelman, Esq.

CC: Via email:rsundura@law.nyc.gov
    Raju Sundaran Esq.
    New York City Law Dept.
    100 Church Street
    New York, NY 10007