**Law Office of David A. Zelman, Esq.**
612 Eastern Parkway
Brooklyn, NY 11225
Tel: (718) 604-3072
Fax: (718) 604-3074

March 4, 2015

Via ECF
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New, York, NY 10007

                    Re: Sean Thomas v. City of New York
                    Civil Case #: 09 CV 03162

Honorable Andrew L. Carter, Jr.:

    I am the attorney for the plaintiff. Ryan Asher, Esq. of Asher and Associates is trial counsel for the plaintiff.

    This letter application is submitted in furtherance of the discussion had before the Court yesterday regarding the dismissal of the City of New York in this matter. For the following reasons, it is plaintiff's position that the City of New York should remain a defendant in this action as it is potentially liable to plaintiff with respect to State Law Claims.

    A brief history of this litigation is relevant here. First, plaintiff filed a Notice of Claim in this matter, attended a 50h hearing and then filed his complaint within one year and ninety days of the December 20, 2008 incident, specifically, April 1 of 2009. Following the conclusion of discovery, defendants made a motion for both summary judgment and to dismiss state law claims against several individual officers due to failure to serve those officers with a copy of the summons and complaint. Judge McMahon initially ruled that the City of New York would be dismissed from this case due to this lack of service of the individual officers and the dismissal of Monell claims. However, following application by the undersigned, Judge Carter issued an Order on November 10, 2011 reversing her prior Order dismissing state law claims as against the City of New York. In plaintiff's letter, it was explained that it is not necessary to find the individual officers liable in order to hold the City of New York liable under plaintiff's state law claims. In fact, it is not necessary to identify the officers under plaintiff's state law claims in order to hold the City liable under a theory of respondeat superior. See, Alli v. Steward-Bowden, 2013 U.S. Dist. LEXIS 132875, 5-7, 2013 WL 5229995 (S.D.N.Y. Sept. 17, 2013) ("It is true that a state law claim may proceed on a respondeat superior theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified. See, e.g., Johnson v. City of New York, 05 Civ. 7519 (PKC) (jury verdict of municipal liability solely upon respondeat superior theory premised upon unidentified officer.) See also, . See Shapiro, 55 A.D.3d at 823 (employees "are not necessary parties to an action seeking to hold the [employer] vicariously

liable for their alleged negligence on respondeat superior principles"); Trivedi, 46 A.D.3d at 543 ("In an action against an employer based upon the doctrine of respondeat superior, the employee allegedly committing the tortious conduct is not a necessary party"); Rock, 212 A.D.2d at 587 ("the two officers are not necessary parties to this action" against the County of Suffolk on the theory of respondeat superior).

Here both the law of the case and the doctrine of *respondeat superior* compel the conclusion that the City of New York remains a defendant in this action. Plaintiff never had an obligation to name individual officers in this action pursuant to his state law claims. All plaintiff needed to do to prevail against the City of New York on state law claims was to demonstrate that unknown employees, acting within the scope their employment for the City of New York violated his civil rights. The fact that several officers were dismissed in this matter, on *procedural grounds*, does not and should not dictate the liability of the City of New York under *respondeat superior*. Nothing material has changed in this case on this point since Judge McMahon reinstated the City of New York in this case after she dismissed state law claims against several officers. The prior jury verdict is also of no moment with respect to the City of New York's liability under the theory of *respondeat superior*.

As mentioned in Court, this argument may be academic in this matter. If the officers are sufficiently identified at trial and there is no ambiguity as to which officer performed specific actions, then it is likely that the parties will proceed with a similar verdict sheet as they did at the prior trial which did not address unidentified employees and their actions. However, it is unknown at this time whether the testimony developed at this new trial will allow the jury to reach the issue of whether unidentified officers violated any of plaintiff's viable state law rights.

Thank you for your consideration.

Very Truly Yours:

David Zelman, Esq.

CC: Via email:rsundura@law.nyc.gov

CC: Via email: Rhasher@gmail.com

Case 1:09-cv-03162-ALC-HBP   Document 108   Filed 03/04/15   Page 3 of 5
Case 1:09-cv-03162-CM   Document 86   Filed 11/10/11   Page 1 of 2
11/10/2011  09:41   7186043074                DAVID A ZELMAN                          PAGE  02

Law Office of David A. Zelman
David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, NY 11225
Phone: (718) 604-3072
Fax: (718) 604-3074

DATE FILED: 11/10/11

November 10, 2011

Via fax: 212 805 6326
Hon Colleen McMahon
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

MEMO ENDORSED 11/10/2011

Re: Sean Thomas v. City of New York et al.
Case #: 09 CV 03162

Hon. Colleen McMahon:

I am the attorney for the plaintiff in the above action and I write to the Court on behalf of plaintiff to address what I believe was an oversight in this Court's September 21, 2011 decision dismissing the City of New York from this action. Plaintiff therefore relies upon FRCP 60(b).

As your Honor is aware, this is a case involving claims of false arrest and excessive force. Following this Court's decision resolving the summary judgment motions, the Court directed the parties to file supplemental briefs addressing plaintiff's Monell claims. By decision dated September 21, 2011, this Court granted the defendant's motion to dismiss plaintiff's Monell claims. At the end of the decision, the Court directed the Clerk to terminate the action as to defendant City of New York. I believe that this last step was error as the City of New York should remain as a defendant in this action to answer the viable state law claims which the plaintiff has brought against the City of New York.

In Plaintiff's Third Amended complaint, plaintiff alleged state law causes of action averring that defendant officers were working in the scope of their employment at the time of the incident. Defendants have never denied this allegation and in fact have supported it in their Answer in this matter.

Secondly, defendants never sought dismissal of the state law claims against the City of New York in their summary judgment motion. Defendants argued that the state law claims should be dismissed only as to the defendant officers for failure to serve the complaint within the requisite period. This Court granted that application, however, allowed plaintiff's federal causes of action to remain as against the defendant officers. Thereafter, this Court dismissed plaintiff's Monell claims as against the City of New York, however, the Court did not address the state law

[Handwritten annotation in margin: You are correct. The City ought not to have been dismissed entirely. Please send in an order to revive the city.]

Case 1:09-cv-03162-ALC-HBP   Document 188   Filed 03/04/15   Page 4 of 5
Case 1:09-cv-03162-CM   Document 86   Filed 11/10/11   Page 2 of 2
11/10/2011  09:41  7186043074                                   PAGE  03

claims against the City of New York.

There should be no confusion that while the doctrine of respondeat superior does not apply with respect to Section 1983 causes of action, it does with respect to state law causes of action. See, Devito v. Barrant, 2005 US DIST LEXIS 22444 (EDNY, 2005). In addition, the dismissal of the state law causes of action as against the defendant officers due to a service issue has no effect on plaintiff's state law claims sounding in respondeat superior against the City of New York. These are distinct causes of action and there is no requirement in state law to find the tortfeasor liable in order to find the employer liable. See, Verponi v City of New York, 2011 NY Slip Op 50908U, 2011 N.Y. Misc. LEXIS 2401 (Supreme Court, Kings County, 2011) ("However, while the individual police officers are entitled to immunity, the Defendant City of New York is not immune from such state law claims, and may still be liable for the police officers' actions pursuant to doctrine of *respondeat superior*.")

Therefore, I respectfully request that this Court amend this Court's September 21, 2011 Order dismissing this action as against the City of New York and reinstate this action as against the City of New York for purposes of trial as to plaintiff's state law claims only.

I sought the consent of my adversary in this application, however, Mr. Sundaran has not consented to the relief requested herein.

Thank you for your consideration.

Sincerely,

David A. Zelman, Esq.

*Via Fax: 212 788 0776*
CC: Raju Sundgran, Esq
    Assistant Corporation Counsel
    Law Department
    100 Church Street
    New York, NY 10007

Case 1:09-cv-03162-ALC-HBP   Document 188   Filed 03/04/15   Page 5 of 5
11/13/2011  2Case 1:09-cv-03162-CM   Document 87   Filed 11/14/11   Page 1 of 1
DAVID A ZELMAN                                    PAGE  03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
SEAN THOMAS,

                Plaintiff,                CASE NO. 09 CV 3162
                                                          (CM)(HBP)

-against-

SGT. KELLY, ET. AL.,

                Defendants,
_____X

       Upon due consideration, it is hereby Ordered that the September 21, 2011 Order dismissing Plaintiff's sixth cause of action and directing the clerk to terminate this Action as against defendant City of New York is hereby amended as follows: Plaintiff's *Monnell* claims pled in plaintiff's Third Amended Complaint are hereby dismissed. However, Plaintiff's sixth cause of action is revived. Plaintiff may pursue all state law claims pled against the City of New York on the theory of Respondeat Superior.

Dated: New York, New York
       November 1*, 2011

                                                  _____
                                                  U.S.D.J



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/11

1