**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                        :
**SEAN THOMAS,**                        :
                                        :
                        **Plaintiff,**  :
                                        :       **09-cv-3162 (ALC)**
            -v-                         :
                                        :
**SERGEANT STEPHEN KELLY, et al.,**     :
                                        :
                        **Defendants.** :
                                        :
------------------------------------------------------------x

COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# 09cv3162
DATE: 3\13\15

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: _3-/8-/5_

1

## I.   INTRODUCTION

### A.   Role of the Court

You have now heard all the evidence in this case.  At this point, it is my duty to instruct you on the law that will govern your deliberations.

As I told you at the start of this case, it is your duty to accept my instructions of law and apply them to the facts as you determine them.  You must follow the law as I give it to you, regardless of any opinion you may have about what the law may be or ought to be.  If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any instruction, or any word or phrase in an instruction, as alone stating the law; you should consider the instructions as a whole.

**B.**   **Role of the Jury**

As I have said, your role is to decide the fact issues in this case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You determine the weight of the evidence.  You appraise the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the evidence or lack of evidence.

In determining facts, you should rely on your recollection of the evidence.  What the lawyers have said the evidence shows in their opening statements, objections or questions, or may say in their closing arguments, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions to be taken as evidence.  If there is any difference or contradiction between what any lawyer has said and what you decide the evidence has shown, or between anything I may have said and what you decide the evidence has shown, please be mindful that it is your view of the evidence only that controls.

**C.      Duty of Impartiality**

You are to perform your duty of finding the facts in this case in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy toward any party.  All parties stand as equals before the bar of justice.  You are to deliberate coolly and calmly, considering and weighing the evidence without emotion or regard to the reaction the parties or the public may have to your verdict.

**D.    Conduct of Counsel**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. An attorney has the right and duty to ask the court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because an attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury or asked me for a ruling on the law.

Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

I also ask you to draw no inference from my rulings or from the fact that, upon occasion, I may have asked questions of certain witnesses. My rulings were no more than applications of the law and my questions, if any, were only intended for clarification or to expedite matters.

I have no opinion concerning the verdict you should render in this case.

## II.    EVIDENTIARY MATTERS

### A.    What Is or Is Not Evidence

The evidence from which you are to decide the facts in this case consists only of:

(1)    the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)    the exhibits that were received in evidence; and

(3)    any facts to which all the lawyers have agreed, or stipulated.

Nothing else is evidence; not what the lawyers say, not what I say and not anything you may have heard outside the courtroom.

**B.      Direct and Circumstantial Evidence**

There are two types of evidence which you may use in reaching your verdict—direct evidence and circumstantial evidence.

Direct evidence is when a witness testifies about something the witness knows by virtue of his own senses — something the witness has seen, touched, heard or tasted.  Direct evidence may also be in the form of an exhibit admitted into evidence where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. For example, assume that when you came into the courthouse this morning the sun was shining.  Assume the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then, a few minutes later, another person entered with a wet umbrella.   Now, on these facts, you cannot look outside of the courtroom to see whether it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.  That is all there is to circumstantial evidence.  Using your reason, experience and common sense, you infer, from established facts, the existence or nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence.  You can consider either or both and give them as much or little weight as you deem warranted.

C.     **Inferences**

In their closing arguments, the attorneys may ask you to infer from one or more facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a logical conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence, using your reason, experience and common sense.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff may ask you to draw one set of inferences, while the defendants may ask you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

**D.** **Witnesses**

<u>1.</u>     <u>Witness Testimony</u>

A question put to a witness is not evidence.  Only a witness' answers are evidence.
However, you may not consider any answer that I directed you to disregard or struck from the
record, or to which I sustained an objection.

At times, a statement may have been incorporated into a question which assumed certain
facts to be true, and a witness may have been asked if the statement was true.  If the witness
denied the truth of a statement, and if there is no evidence in the record proving that assumed
fact to be true, then you may not consider it to be true simply because it was contained in the
question posed to the witness.

Similarly, if a hypothetical question was asked, based upon certain assumed facts, it is for
you to determine, based upon the evidence in the case, whether those assumed facts are true.
You may not consider them to be true simply because they were contained in a question posed to
a witness.

2.    Witness Credibility

It is now your job to decide how believable each witness was in his testimony. You are the sole judges of the credibility of each witness and the importance of each witness' testimony.

How do you determine where the truth rests? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or hostility to color his testimony.

You should consider: (1) the opportunity the witness had to see, hear and know the things about which he testified; (2) the accuracy of the witness' memory; (3) the witness' candor or lack of candor; (4) the witness' intelligence; (5) the reasonableness and probability of the witness' testimony; and (6) the consistency and corroboration of the witness' testimony with other believable testimony.

Everything a witness said or did on the witness stand counts in your determination. Often it is not what a witness says but how the witness says it that counts. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy, as if hiding something? What was the witness' demeanor? What was the witness' behavior, bearing, manner and appearance while testifying? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is truthful.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness' demeanor, the explanations given and all the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience in determining witness credibility.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has testified falsely as to any material fact, that is, as to any important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

2a.      Adverse Inference

In this case, there has been evidence that an Aided Card was created by defendant Dekoker in response to the December 20, 2008 incident.  An Aided Card is a police created document which is typically used when an incident occurs within the City of New York which records a description of the incident and the police response to it.  Because the defendants did not produce this document you may infer, but are not required to, that the content of the Aided Card would be inconsistent with the defenses offered by the defendants to the plaintiff's claims in this action.

3.      Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter their interest in the outcome of a case, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, a witness' interest affected his or her testimony.

In this case, as in any lawsuit, both the plaintiff and the defendants have an interest in the outcome of the case.

4.      Testimony from Law Enforcement Officers

You have heard testimony from several law enforcement officers.  Law enforcement officers do not stand in any higher station in the community than other individuals.  An officer who takes the witness stand subjects his testimony to the same examination and tests as any other witness.

In the case of law enforcement officers, you should not believe them merely because of the position they hold.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

5.      Number of Witnesses

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has a greater weight than that of a larger number on the other.

The testimony of a single witness which produces, in your minds, belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy.

**E.    Exhibits**

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification, but not admitted, are not evidence. Materials brought forth only to refresh a witness' recollection are also not evidence.

**F.    Discrepancies in Testimony**

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

**G.    Prior Testimony**

Prior testimony, like testimony given in court, is evidence in this case. Prior testimony consists of questioning a witness under oath before trial, and is entitled to equal consideration by you even though it was taken before the trial. When there is such an examination, a stenographer records the testimony and turns it into a transcript, and later, the testimony as recorded in the transcript may be read in court. Here, you have heard some prior testimony. The portion of the transcript that you have heard must be considered as if the testimony came from the witness while she was on the stand, and you should consider the prior testimony of a witness according to the same standards you use to evaluate witness testimony given at trial.

**H.      Burden of Proof**

Members of the jury, now that I have given you general instructions, I am going to instruct you on the law to be applied to the specific issues in this case. But, first, I am going to explain the concept of "burden of proof." The burden of proof in this case is by a preponderance of the evidence.

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

This concept—preponderance of the evidence—is often illustrated with the idea of scales. In considering whether a party has met his burden of proof, you put on one side all the credible evidence favoring that party and, on the other side, all the credible evidence favoring the other party. If the scale tips toward the party because their evidence is weightier, then you must find in that party's favor. If the scale tips toward the other party because their evidence is weightier, then you must find in that party's favor.

17

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – that party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scale tips, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a <u>criminal</u> <u>trial</u>.  That requirement does not apply to a civil case such as this and you should put it completely out of your mind.

## III.   THE LAW

### A.   Multiple Defendants

Before I instruct you on the legal elements of plaintiff's claims, I wish to instruct you that although there are defendants in this case, it does not follow from this fact alone that if one defendant is liable, any other defendant is liable: you must consider each defendant's involvement in the plaintiff's allegations separately.  Each defendant is entitled to a fair consideration of his or her own defense, and is not to be prejudiced by any finding you make for or against any other defendant. Unless otherwise stated, all instructions I give to you govern the case as to each defendant.

Now let's talk about the Federal Law claims.

### B.   Nature of the Case

The plaintiff in this case is Sean Thomas.  The federal claims asserted by Mr. Thomas arise under a federal statute, 42 U.S.C. § 1983, which I will explain to you in greater detail shortly.  Section 1983 provides a remedy, among other things, for individuals who have been deprived of their federal constitutional rights under color of state law.  Mr. Thomas alleges that the defendants deprived him of his right to be free from false arrest, or in this case, false detention.  The defendants deny this charge; they contend that they had probable cause to arrest Mr. Thomas.  Mr. Thomas also alleges that the defendants deprived him of his right to be free from excessive force during an arrest.  The defendants also deny this charge; they claim that the force used, if any, was reasonable under the circumstances.

C.      **Introduction to Federal Law Claims**

1.      42 U.S.C. § 1983

The law to be applied to Mr. Thomas's federal claims in this case is 42 U.S.C. § 1983,

the federal civil rights law, which provides a remedy for individuals who have been deprived of

their federal constitutional rights under color of state law.  This statute reads in relevant part:

> Every person who, under color of any statute, ordinance, custom or usage of any
>
> state subjects or causes to be subjected, any citizen of the United States . . . to the
>
> deprivation of any rights, privileges, or immunities secured by the constitution . . .
>
> shall be liable to the party injured in an action at law . . . .

Section 1983 does not create any federally protected right.  Instead, it creates a form of liability

that allows people to enforce the rights, privileges, and immunities guaranteed to them by,

among other things, the United States Constitution.  Later in these instructions I will explain the

specific constitutional rights at issue in this case, and what the plaintiff must prove to

demonstrate a violation of those rights.

2.      Overview of Elements of § 1983 Claims

To establish a claim under Section 1983 against the defendants, Mr. Thomas must establish, by a preponderance of the evidence, each of the following elements:

FIRST, that the conduct complained of was committed by the defendants acting under color of state law;

SECOND, that in so acting, the defendants violated the constitutional rights of Mr. Thomas; and

THIRD, that the defendants' acts were the proximate cause of the injuries and consequent damages alleged by Mr. Thomas.

I instruct you that the parties stipulate and agree that the defendant officers were acting under color of state law on the date of the incident in question.  Therefore, you need not consider the first element since it is already established.  I will now explain the second and third elements in more detail.

**Deprivation of a Right**

The second element that Mr. Thomas must prove by a preponderance of the evidence is that the individual defendants deprived him of rights protected by the United States Constitution. In order for Mr. Thomas to establish this element, he must establish the following three things by a preponderance of the evidence:

- first, that the defendants committed the acts alleged by plaintiff;

- second, that those acts caused them to suffer the loss of a federal right; and

- third, that, in performing the acts alleged, the defendants acted intentionally or recklessly.

I will now explain each of these requirements to you.

The first is fairly simple and means exactly what it says: plaintiff must prove that defendants actually committed the acts he alleges.

The second requirement is that plaintiff must prove that the acts committed by the defendants deprived him of a federal right. Mr. Thomas claims that the defendants falsely arrested him and subjected him to excessive force. I will instruct you as to these two claims in more detail in a moment.

The third requirement is that, in performing the acts alleged, defendants acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether defendants acted with the requisite state of mind, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to rely on your understanding of what was

done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

## Proximate Cause

"Proximate cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such an act or omission. In other words, if a defendant's act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause. A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury that intervenes between the defendant's act or omission and the plaintiff's injury.

Now let's go back and discuss in more detail the two claims that plaintiff alleges deprived him of his constitutional rights: false arrest and excessive force.

**False Arrest**

Plaintiff Sean Thomas alleges that he was falsely arrested when, on December 20, 2008, Defendant Sergeant Stephen Kelly had Mr. Thomas taken to St. Barnabas Hospital against his will. Defendant Sergeant Kelly contends that his seizure and transport of Mr. Thomas to the hospital was lawful because there was probable cause to do so under the laws of the State of New York.

A claim for false arrest is based on the Fourth Amendment right of an individual to be free from unreasonable seizures, which includes a right not to be taken into custody by police officers, without probable cause. A police officer makes a lawful arrest when he or she acts with probable cause that a person is committing or has committed a crime. By contrast, a police officer commits a false arrest if he or she arrests a person without probable cause. The issue here is whether the individual police officers had probable cause to arrest, or in this particular case, to detain, Mr. Thomas.

*Probable Cause*

Probable cause, sometimes called reasonable cause, exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient so that an officer of ordinary intelligence, judgment, and experience can reasonably believe that the person to be arrested has committed or is committing a crime. Probable cause does not require proof beyond a reasonable doubt or even proof by a preponderance of the evidence; probable cause requires only a probability of criminal activity.

Because of the absence of a warrant for Mr. Thomas' arrest, Defendant Sergeant Kelly has the burden of proving by a preponderance of the evidence the existence of probable cause for the arrest of Mr. Thomas.

24

In order to have probable cause for an arrest, an officer need not make an actual showing of criminal activity on the part of the arrestee. Furthermore, the existence of probable cause is measured as of the moment of the arrest, and not on later developments.

A police officer cannot look into someone's mind to determine whether that person has the intent to commit a criminal offense. Therefore, in determining whether there is probable cause, the officer can infer intent from a person's conduct and the surrounding circumstances confronting the officers seeking to effectuate the arrest in order to determine whether they had probable case. An arrest made with reasonable cause is lawful even though the plaintiff may not have committed any of the offenses for which he was arrested or detained.

The law recognizes what is called the collective knowledge doctrine. Under this doctrine, an arrest is permitted by an officer who lacks specific information justifying the arrest so long as other officers initiating or involved in the investigation have sufficient information to form the basis for probable cause. In essence, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed by all.

In this case, Sean Thomas was seized and brought to a hospital for medical attention, but he was never charged with a crime. The police officers assert that they had probable cause to seize Mr. Thomas and transport him to St. Barnabas Hospital based on Section 9.41 of the New York State Mental Hygiene Law. Defendant Sergeant Kelly had probable cause to detain Mr. Thomas under this section if they had reasonable cause to believe that: (1) Mr. Thomas appeared to be mentally ill, and (2) Mr. Thomas was conducting himself in a manner likely to result in serious harm to himself or to others. The phrase "likely to result in serious harm" is defined in the statute. It is defined as: (1) "a substantial risk of physical harm to the person as manifested by threats or attempts at suicide or serious bodily harm or other conduct demonstrating that the

person is dangerous to himself or herself," or (2) "a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of physical harm."

Even though plaintiff was seized and detained for the offense mentioned above, if you find that there was probable cause to arrest him for any of the other offenses I am about to describe to you, then you must find for the defendants on plaintiff's false arrest claim. I will briefly instruct you on the elements of these crimes.

The first offense you may consider is Trespass. Defendant Sergeant Kelly had probable cause to arrest Mr. Thomas for trespass if they had reasonable cause to believe that Mr. Thomas knowingly entered or remained unlawfully in or upon premises. The word "knowingly" under this statute means that Mr. Thomas must have had actual knowledge of the illegality of his presence on the premises. This knowledge requirement can be inferred from facts proven at the trial.

The next possible offense you may consider is Disorderly Conduct. Defendant Sergeant Kelly had probable cause to arrest Mr. Thomas for disorderly conduct if they had reasonable cause to believe that: (1) Mr. Thomas was (a) engaging in fighting or in violent, tumultuous or threatening behavior, (b) making unreasonable noise, or (c) using abusive or obscene language or making an obscene gesture; (2) Mr. Thomas' conduct was public in nature; and (3) Mr. Thomas' conduct must have been done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof. A person acts with this "intent" when he acts with a conscious objective to cause a public inconvenience, annoyance or alarm or with a conscious disregard of a substantial and unjustifiable risk his conduct would cause such a result. In making this evaluation, you may consider: (1) the extent to which Mr. Thomas' conduct annoyed others;

26

(2) whether Mr. Thomas persisted in the conduct after warnings by others or the police; (3) whether Mr. Thomas' conduct created at least the risk that disorder might result; and (4) whether defendant's conduct occurred in a public location.

The next possible offense you may consider is Menacing in the Third Degree. Defendant Sergeant Kelly had probable cause to arrest Mr. Thomas for Menacing in the Third Degree if they had reasonable cause to believe that: (1) Mr. Thomas intentionally placed or attempted to place another person in fear of death, imminent serious physical injury, or imminent physical injury; and (2) he used "physical menace" to do so. A person acts with the "intent" required for Menacing in the Third Degree when he intends to frighten the victim with a fear of imminent serious injury; it does not require either an injury or an intent to cause injury. "Physical menace" requires more than verbal threats; it requires a physical act which places a person in fear of imminent physical injury.

The next possible offense you may consider is Obstructing Governmental Administration in the Second Degree. Defendant Sergeant Kelly had probable cause to arrest Mr. Thomas for Obstructing Governmental Administration in the Second Degree if they had reasonable cause to believe that: (1) Mr. Thomas prevented or attempted to prevent (2) a public servant from performing (3) an official function (4) by means of intimidation, force or interference. For an arrest to be an "official function," it must be lawful and supported by probable cause. Therefore, if the official function at issue is plaintiff's arrest, and if the defendants did not have probable cause to detain plaintiff for any other crime, they could not have had probable cause to arrest plaintiff for obstructing their efforts to arrest plaintiff.

I have just provided the elements of these various offenses to give you a complete picture of the applicable law. If, after considering all of the evidence, you find that there was probable

cause to arrest the plaintiff for any one, or even more than one, of the offenses that I have just described to you, then you must find in favor of Defendant Sergeant Kelly with respect to Plaintiff Sean Thomas's false arrest claims.

**Excessive Force**

Plaintiff also alleges that the individual police officers violated his Fourth Amendment rights by using excessive force. The individual defendants deny that any excessive force was used on plaintiff, and assert that their actions were justified, reasonable under the circumstances, and in accordance with existing law.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive, or unreasonable, force during an arrest. This means that law enforcement officers may only employ the amount of force necessary, under the circumstances, to make an arrest.

Your role is to decide what action each officer took on December 20, 2008, and to determine whether each officer's actions was objectively reasonable, in light of the facts and circumstances confronting him or her, without regard to his or her underlying intent or motivation. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

In making this determination, you must pay careful attention to the facts and circumstances of this particular case, including: (1) the severity of the alleged crimes at issue; (2) whether Mr. Thomas posed an immediate threat to the safety of the police officers or others; and (3) whether Mr. Thomas actively resisted arrest or attempted to evade arrest by flight. I also instruct you that an officer need not put himself at risk to avoid the use of force.

However, I remind you not to consider an officer's intentions or motivations. An officer's bad intention will not make a constitutional violation out of an objectively reasonable use of force; nor will an officer's good intention make an objectively unreasonable use of force constitutional.

If you find the amount of force used by a particular defendant was greater than that a reasonable officer would have employed, the plaintiff will have established a claim for excessive force, as to that defendant.

If, and only if, you find that at least one defendant directly used excessive force against the plaintiff, you must consider whether other defendant officers also deprived the plaintiff of a constitutional right by failing to intervene and prevent the use of excessive force.  If you find that no defendant directly employed excessive force against plaintiff, then you must return a verdict in favor of all defendants and need not consider any defendant's potential liability for failure to intervene.

3.      Summary

In summary, if you find that the plaintiff has shown, by a preponderance of the evidence, that: (1) a defendant acted, or failed to act, in a manner that deprived the plaintiff of his constitutional right to be free from false arrest or the use of excessive force; and (2) that act or omission proximately caused injury to the plaintiff, then the plaintiff has proven his claim against that defendant.

Remember that the case as to each individual defendant must be considered separately by you. The fact that you find that one defendant is liable does not determine your verdict on liability as to any other defendant. Each defendant is entitled to fair, separate and individual consideration, without regard to your decision as to the other defendants.

## V.   DAMAGES

### A.   Damages Generally

If you find that the plaintiff has proven his claim, by a preponderance of the evidence, you must then determine the damages to which he is entitled.  Please note that just because I am instructing you on how to award damages does not mean that I have any opinion on whether any defendant should be held liable.  That is for you to decide on the evidence presented and the law I have given you.

You should not reach the issue of damages unless you find that the plaintiff has established the liability of at least one defendant.  If you decide that the plaintiff has not proven that he is entitled to recover from any defendant, you need go no further.  I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recover damages.

**B.**     **Damages for Multiple Defendants**

When more than one person causes a single harm to a party, each person is liable to the injured party for the entire harm.  This is true regardless of the relative blame or fault of each. Therefore, if you decide that multiple defendants are liable, you may simply determine the overall amount of damages sustained by the plaintiff and award that amount without breaking that figure down into percentages.

The plaintiff is entitled to only one recovery, if at all, sufficient to compensate the plaintiff reasonably for his injuries.  Therefore, you should not compensate the plaintiff for the same injury twice simply because the injury resulted from the acts or omissions of more than one defendant.

C.    **Compensatory Damages**

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe was proximately caused by the liable defendant's conduct. These damages are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole — that is, to compensate him for the damage that he has suffered.

These damages include pain and suffering, as well as mental discomfort. Thus, you must consider physical injuries, physical pain, emotional scarring and mental anguish which the plaintiff suffered. You must also consider the seriousness of the injuries and their duration and impact on the plaintiff, as well as the degree of pain and mental anguish suffered. You may also consider the inconvenience and loss of enjoyment of life caused by the defendants' conduct. Loss of enjoyment of life involves the loss of or diminished ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.

You must award compensatory damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence. Moreover, I remind you that you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the liable defendant's wrongful conduct. The damages that you award must be fair and reasonable, not inadequate or excessive.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only that evidence. In awarding compensatory damages, if you decide to award them, you should be guided by common sense. Computing damages may be difficult, but you must not engage in arbitrary guesswork. On the other hand,

the law does not require the plaintiff to prove the amount of his  losses with mathematical precision, but only with as much precision and accuracy as the circumstances permit.

It is the plaintiff's burden to prove the amount of damages and to prove that the damages were caused by one or more of the defendants' intentional or reckless use of excessive force. The purpose of such an award of damages is not to punish the defendants.

If you find that the plaintiff was falsely arrested, then from this fact alone you are required to award the plaintiff monetary damages for the loss of freedom of movement. The plaintiff is not required to show any particular loss of money resulting from confinement before you award damages for false arrest.  In awarding damages for the fact of confinement, you may consider the loss of time, the physical discomfort or inconvenience, and the conditions of confinement.

**D.      Nominal Damages**

If plaintiff has established the elements of excessive force but has not shown any injury or actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.  Nominal damages must be awarded when a defendant deprived the plaintiff of a constitutional right but the plaintiff has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that Mr. Thomas has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional violation, you may award nominal damages not to exceed one dollar.

36

## E.    Punitive Damages

Just because I am instructing you on how to award punitive damages does not mean that I have any opinion on whether a defendant should be held liable or that the plaintiff is entitled to punitive damages.

Punitive damages are awarded, in the discretion of the jury, to: (1) punish a defendant for extreme or outrageous conduct; or (2) deter or prevent a defendant, and others like him, from committing such conduct in the future.  If you find a defendant liable to the plaintiff, you may decide that awarding punitive damages against that defendant is appropriate.  You may make an award of punitive damages even if you find that the plaintiff has failed to establish actual damages.

You may award the plaintiff punitive damages if you find that the acts or omissions of a defendant or the defendants were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant or the defendants acted maliciously or wantonly with regard to his rights.

An intent to injure exists when a defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure the plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the liable defendant has a conscious desire to violate rights or injure the plaintiff unlawfully.

If you find, by a preponderance of the evidence, that a liable defendant acted with malicious intent to violate the plaintiff's federal rights or injure him unlawfully, or if you find

37

that a liable defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may decide that punitive damages are appropriate.  Remember, however, that an award of punitive damages is discretionary.

If fixing the amount of punitive damages, you should consider the degree to which a certain sum would punish a defendant or deter him, or persons like him, from committing wrongful acts in the future.

## V.    CONCLUDING INSTRUCTIONS

### A.    Rights to See Exhibits and Hear Testimony

As I said earlier, in determining the facts of this case, you must rely on your recollection of the evidence.  In aid of your recollection, all the exhibits admitted into evidence could be provided to you.  Additionally, if any of you wishes to have witness testimony read to you, you may request that.  I am not suggesting that you must or should do this.  I am simply saying that it is a service we can make available to you.

If any juror wishes to have testimony read, simply send me a written note, through your foreperson.  If you request testimony, please try to be as specific as possible about which portions of the testimony you would like read.  If you are not specific, the lawyers must agree on what portions of testimony you are requesting and, if they disagree, I must resolve that disagreement.  In any event, it takes time for the court reporter to find testimony in the record, so please be patient if you send a note and there seems to be a delay in responding to you.  If you want any further explanation of the law as I have explained it to you, you may also request that.

**B.     Notes to the Court**

Any notes that you send to me should be: (1) signed by your foreperson, indicating the date and time of the note; (2) sealed in an envelope; and (3) given to the marshal, who will be seated outside the jury room throughout your deliberations.

If you do send me any notes, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue.

**C.     Note Taking by Jurors**

Any notes you may have taken during trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts and, ultimately, your verdict on the court record rather than on any juror's notes.

**D.     Selection of Foreperson**

The juror who sits in the number one chair will be the foreperson of the jury unless, for any reason, that person prefers not to act in that capacity, in which event, your first order of business will be to send me a note, identifying the new foreperson.

The foreperson presides over the deliberations and speaks for the jury in open court. Moreover, the foreperson signs and sends all notes to me and notifies the marshal when the jury has reached a verdict.

The foreperson has no greater voice or authority than any other juror.

E.      **Duty to Deliberate to Unanimous Verdict**

It is your duty as jurors to consult with one another with a view to reaching a unanimous verdict. Each of you must decide the case for yourself, after a consideration of the evidence with your fellow jurors. You should not hesitate to change an opinion if the discussion persuades you that you should. However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, facts and law, that is the correct way to decide the case.

I remind you that no juror should surrender his or her conscientious beliefs about the effect or weight of the evidence solely for the purpose of returning a unanimous verdict.

**F.      Return of Verdict**

In an effort to assist you, your verdict in this case will be a verdict in the form of a series of questions to be answered by you in the jury room after you have begun your deliberations.

No inference is to be drawn from the way the questions are worded about what the answer should be.  The questions are not to be taken as any indication that I have any opinion about how they should be answered.

Before the jury attempts to answer any question, you should read all of the questions, and make sure that everyone understands each question.  Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer.  When you have thoroughly considered the questions and the evidence that relates to those questions, record the answers to the questions on the verdict form.  Remember, all answers must be unanimous.

After you have reached a verdict and your foreperson has filled in the verdict form that has been given to you, your foreperson should sign and date it.  The foreperson should then send me a note indicating that you have reached a verdict.  Do not specify what the verdict is in the note.  Instead, the foreperson should retain the verdict sheet, and hand it to the deputy clerk in open court when you are called in.

I remind you that your verdict must be unanimous.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.